# EXHIBIT 2

48755

2012L000930
CALENDAR/ROOM H
TIME 00:00
Product Liability

IN THE CIRCUIT COURT OF COOK, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JEFFREY GARON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) No. | |
| | ) | |
| DePUY ORTHOPAEDICS, INC., | ) | |
| a foreign corporation. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JEFFREY GARON, by and through his attorneys, SALVATO & O'TOOLE, and complaining of the Defendant, DEPUY ORTHOPAEDICS, INC. (hereinafter referred to as "DEPUY") alleges and states as follows:

1. At all relevant times, the Defendant, DEPUY, was in the business of designing, manufacturing, and/or selling to the public various hip replacements and parts, including the hip replacements complained herein.

2. At all relevant times, Plaintiff, JEFFREY GARON, was a citizen of the State of Illinois.

3. At all relevant times, defendant, DEPUY, was a foreign corporation authorized to do business in the State of Illinois and organized under the laws of the State of Indiana, with its principal place of business located in Warsaw, Indiana. DEPUY is subject to this court's jurisdiction, and may be served with service of process on its registered agents, CT Corporation System, 208 S. LaSalle, Suite 814, Chicago, Illinois 60604.

SALVATO & O'TOOLE
ATTORNEYS AT LAW
W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

1

4. At all time relevant hereto, Defendant, DEPUY, regularly and continuously did business in the State of Illinois by manufacturing, selling, distributing reconstructive orthopedic implants, including, but not limited to, knee replacements, hip replacements, elbow replacements and orthopedic surgical products used by orthopedic surgeons in the State of Illinois.

5. This products liability lawsuit seeks compensatory damages on behalf of plaintiff, JEFFREY GARON, who was implanted with an artificial hip replacement system known as the DePuy ASR (hereinafter refered to as "ASR") that the defendants, DEPUY, designed, manufactured, marketed, distributed and sold.

6. The hip joint is where the femur connects to the pelvis. The joint is made up of the femoral head (a ball-like structure at the top of the femur) rotating within the acetabulum (a cup-like structure at the bottom of the pelvis). In a healthy hip, both the femur and the acetabulum are stong and the rotation of the bones against each other is cushioned and lubricated by cartilage and fluids. Over time, age and wear break down the cartilage. This forces the bone of the femur to rub directly against the bone of the acetabulum, and it causes severe pain and immobility.

7. A total hip replacement replaces the body's natural joint with an artificial one, usually mage out of metal and plastic. A typical total hip replacement system consists of four separate components: (1) a femoral stem, (2) a femoral head, (3) a liner and (4) an acetabular shell. The surgeon hollows out a patient's femur bone, the femoral stem is implanted. The femoral head is a metal ball that is fixed on top of the femoral stem. The femoral head forms the hip joint when it is placed inside the polyethylene liner and acetabular shell.

ALVATO & O'TOOLE
TTORNEYS AT LAW
W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

20. Prior to August 18, 2008, Andrew Kim, M.D., an orthopaedic surgeon licensed to practice medicine in the State of Illinois, through his experience and training in the practice of medicine, indicated plaintiff, JEFFREY GARON, met the criteria for a total right hip replacement.

21. On August 18, 2008, Andrew Kim, M.D. implanted the following ASR components: DuPuy ASR 54 mm acetabular cup, size 16, high offset Corail stem with a matching femoral head and neck length of -2, into the right hip of plaintiff, JEFFREY GARON, at Edward Hospital, County of DuPage, State of Illinois.

22. The ASR components implanted in Plaintiff, JEFFREY GARON, DePuy ASR™ Acetabular Cup was recalled as posted on the FDA' website on or about July 17, 2010.

23. Prior to, on, and after December 31, 2007 and August 18, 2008, defendant, DEPUY, knew that the ASR was defective and harmful to consumers and that the ASR had an unacceptable failure and complication rate. Defendant, DEPUY, had a legal and moral obligation to stop selling the product and to notify physicians who had implanted the ASR to be aware of the propensity for the ASR's acetabular cup to detach, disconnect, and/or loosen from the acetabulum, and for some patients to develop adverse reactions to high levels of metal debris generated by normal use of the ASR.

24. Sometime after December 31, 2007 and August 18, 2008, Andrew Kim, M.D., an orthopaedic surgeon licensed to practice medicine in the State of Illinois, through his experience and training in the practice of medicine, and Robert Barrack, M.D., an orthopaedic surgeon licensed to practice medicine in the State of

ALVATO & O'TOOLE
TTORNEYS AT LAW
W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

Missouri, through his experience and training in the practice of medicine, determined that plaintiff, JEFFREY GARON's, ASR implants failed and needed to be revised with another bilateral hip prosthesis.

25. Andrew Kim, M.D. and Robert Barrack, M.D. recommended removal of both ASR implants from Plaintiff, JEFFREY GARON, and for them to be replaced with another bilateral hip prosthesis at Barnes-Jewish Hospital, in the County of St. Louis, State of Missouri.

26. Plaintiff, JEFFREY GARRON, continues to suffer from injuries of a permanent and lasting nature and discomfort as a result of the ASR failure.

27. Plaintiff, JEFFREY GARRON, is impaired in his ability to financially provide for himself.

28. Plaintiff, JEFFREY GARRON, is impaired in his ability to perform household duties as a result of the ASR failure.

29. Plaintiff, JEFFREY GARRON, will need many years of continuous medical treatment as a direct and proximate result of the ASR failure.

## COUNT I

30. Plaintiff, JEFFREY GARON, incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth here and further allege as follows:

31. Defendant, DEPUY, was engaged in the business of designing, manufacturing, marketing, distributing and selling orthopaedic hip implants and did design, manufacture, distribute, market and sell the ASR.

32. Defendant, DEPUY had a duty to place into the stream of commerce, manufacture, distribute, marker, promote and sell the ASR so that it was neither

SALVATO & O'TOOLE
ATTORNEYS AT LAW
W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

6

defective and unreasonably dangerous when put to the use for which it was designed, manufactured, distributed, marketed and sold.

33. Defendant, DEPUY, did in fact sell, distribute, supply, and/or promote the ASR to plaintiff, JEFFREY GARON, and his implanting physician. Defendant, DEPUY expected the ASR it was selling, distributing, supplying, manufacturing and/or promoting to reach, and it did in fact reach, implanting physicians and consumers in the state of Illinois, including plaintiff, JEFFREY GARON, and his implanting physician, without substantial change in the condition.

34. At the time the ASR left the possession of defendant, DEPUY and the time ASR entered the stream of commerce, the ASR was in an unreasonably dangerous and defective condition. These defects include but are not limited to the following:

    a. The ASR was not reasonably safe as intended to be used;

    b. The ASR has an inadequate design for the purposes of hip replacement;

    c. The ASR contained unreasonably dangerous design defects including an inherently unstable and defective design which result in an unreasonably high probability of early failure;

    d. The ASR hip implant design puts the metal femoral ball directly in contact with the metal acetabular cup which produces a large amount of metal on metal wear debris;

    e. The ASR's unstable and defective design resulted in a hip prosthesis which had risks which exceeded the benefits of the medical device;

    f. The ASR's propensity for acetabular cup to detach, disconnect, and/or loosen from the acetabulum, and for some patients to develop adverse reactions to high levels of metal debris generated by normal use of the ASR;

ALVATO & O'TOOLE
TTORNEYS AT LAW
W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

    g.     The ASR's unstable and defective design resulted in a hip prosthesis which was more dangerous than the ordinary consumer would expect;

    h.     The ASR failed to perform in a manner reasonable expected in light of its nature and intended function and subjected the Plaintiff to an unreasonable risk of harm beyond that contemplated by an ordinary person;

    i.     The ASR was insufficiently tested;

    j.     The warning to plaintiff, JEFFREY GARON, and his implanting physician about the dangers the ASR posed to consumers including plaintiff, JEFFREY GARON, were inadequate. Examples of the inadequacy of defendant, DEPUY's, warnings include, but are not limited to, one or more of the following particulars:

        i.     The ASR contained warnings insufficient to alert plaintiff, JEFFREY GARON, and his physician as to the risk of adverse events and/or reactions associated with the ASR, subjecting plaintiff, JEFFREY GARON, to risks which exceeded the benefits of the ASR;

        ii.     The ASR contained misleading warnings emphasizing the efficacy of the ASR while downplaying the risks associated with it thereby making use of the ASR more dangerous than the ordinary consumer would expect;

        iii.     The ASR contained insufficient and/or incorrect warnings to alert consumers, including plaintiff, JEFFREY GARON, through his prescribing physician regarding the risk, scope, duration, and severity of the adverse reactions associated with the ASR;

        iv.     The ASR did not disclose that it was inadequately tested;

        v.     The ASR failed to convey adequate post-marketing warnings regarding the risk, severity, scope and/or duration of the dangers posed by the ASR;

ALVATO & O'TOOLE
TTORNEYS AT LAW
W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

8

      vi.    The ASR failed to contain instructions sufficient to alert consumers to the dangers they posed and to give them the information necessary to avoid or mitigate those dangers.

35. Plaintiff, JEFFREY GARON, used the ASR for its intended purpose, i.e. hip replacement.

36. Plaintiff, JEFFREY GARON, could not have discovered any defect in the ASR through the exercise of ordinary care.

37. Defendant, DEPUY, as designer, manufacturer, marketer, and distributor of medical devices are held to the level of knowledge of an expert in their field.

38. Plaintiff, JEFFREY GARON, and his implanting physician did not have substantially the same knowledge as the designer, manufacturer, marketer, and distributor: Defendant, DEPUY.

39. As a direct and proximate result of one or more of the forgoing wrongful act or omissions in by the defendant, DEPUY, the ASR caused plaintiff, JEFFREY GARON, to suffer and sustain injuries of a permanent nature; plaintiff, JEFFREY GARON, was caused to and will in the future be caused to endure pain and suffering in body and mind; in an effort to cure himself of said injuries, plaintiff, JEFFREY GARON, was caused to and will in the future be caused to expend money for medical care; furthermore, plaintiff, JEFFREY GARON, was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

ALVATO & O'TOOLE
TTORNEYS AT LAW
I W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

WHEREFORE, plaintiff, JEFFREY GARON, demands judgment against defendant, DEPUY ORTHOPAEDICS, INC., in a sum in excess of jurisdictional limits of this Court, together with interests and costs of this action.

## COUNT II

40. Plaintiff, JEFFREY GARON, incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth here and further allege as follows:

41. That at all times relevant, it was the duty of the defendant, DEPUY, to exercise due care in designing, testing, manufacturing, distributing, marketing, promoting and selling of the ASR such that it would be reasonable safe for its intended use.

42. Defendant, DEPUY's, negligence in the designing, testing, manufacturing, distributing, marketing, promoting and selling of the ASR includes but its not limited to the following:

    a. the ASR acetabular component was negligently designed creating a coverage angle that is too shallow;

    b. the ASR acetabular component was negligently designed creating insufficient coverage of the femoral component;

    c. the ASR xl hip replacement system was negligently designed and manufactured creating increased metal on metal wear between the femoral component and the acetabular component;

    d. the ASR xl hip replacement system was negligently designed and manufactured creating increased metal corrosion particular at the junction of the femoral head component and the neck of the femoral stem;

    e. the ASR xl hip replacement system was negligently designed and manufactured creating an unacceptable differential hardness of the cup;

ALVATO & O'TOOLE
TTORNEYS AT LAW
W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

f. the ASR acetabular component was negligently designed as a monoblock construct which among other things leads to errors in surgical placement and in fixation of the cups;

g. Defendant, DEPUY, created a negligently drafted ASR surgical protocol which, among other things, creates a requisite degree of surgical skill for proper use of the device that is not processed by a significant number of us surgeons, even after a proper review of all of the ASR surgical technique literature, other defendant, DEPUY, literature and proper training in us residency programs;

h. Defendant, DEPUY, committed manufacturing errors including but limited to component size tolerances out of specification and not within industry acceptable standards;

i. Defendant, DEPUY, in advertising, marketing, promoting, packaging, and selling the ASR, negligently misrepresented material facts regarding the ASR's safety, efficacy, and fitness for human use by claiming the ASR was fit for its intended purpose when, in fact, it was not;

j. Defendant, DEPUY, in advertising, marketing, promoting, packaging, and selling the ASR, negligently misrepresented material facts regarding the ASR's safety, efficacy, and fitness for human use by claiming the ASR had been adequately and reliably tested when, if fact, it was not;

k. Defendant, DEPUY, in advertising, marketing, promoting, packaging, and selling the ASR, negligently misrepresented material facts regarding the ASR's safety, efficacy, and fitness for human use by claiming the ASR was safe and effective and was appropriate for use by human beings when, in fact, it was not;

l. Defendant, DEPUY, in advertising, marketing, promoting, packaging, and selling the ASR, negligently misrepresented material facts regarding the ASR's safety, efficacy, and fitness for human use by claiming the risk of serious adverse events and/or effects from the ASR was comparable to that of other hip replacement systems when in fact it was not; and

m. Defendant, DEPUY, in advertising, marketing, promoting, packaging, and selling the ASR, negligently misrepresented material facts regarding the ASR's safety, efficacy, and fitness for human use by claiming the ASR had not caused or

SALVATO & O'TOOLE
ATTORNEYS AT LAW
i3 W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

11

contributed to serious adverse events and/or effects requiring the premature explants of the device, when, in fact, it had.

43. Defendant, DEPUY, knew or had reason to know that Plaintiff, JEFFREY GARON, as a member of the general public for whose use the ASR was placed into interstate commerce, would be likely to use the ASR in a manner described in this Complaint.

44. Defendant, DEPUY, knew of reasonable should have known of the danger associated with the manner and circumstances of plaintiff, JEFFREY GARON, foreseeable use of the ASR, which danger would not be obvious to the general public.

45. As a direct and proximate result of one or more of the forgoing wrongful act or omissions in by the defendant, DEPUY, the ASR caused plaintiff, JEFFREY GARON, to suffer and sustain injuries of a permanent nature; plaintiff, JEFFREY GARON, was caused to and will in the future be caused to endure pain and suffering in body and mind; in an effort to cure himself of said injuries, plaintiff, JEFFREY GARON, was caused to and will in the future be caused to expend money for medical care; furthermore, plaintiff, JEFFREY GARON, was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, plaintiff, JEFFREY GARON, demands judgment against defendant, DEPUY ORTHOPAEDICS, INC., in a sum in excess of jurisdictional limits of this Court, together with interests and costs of this action.

## COUNT III

46. Plaintiff, JEFFREY GARON, incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth here and further allege as follows:

SALVATO & O'TOOLE
ATTORNEYS AT LAW
i3 W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

47. Plaintiff, JEFFREY GARON, currently is not in possession of any document relating to representation, warnings, and/or communications made by defendant, DEPUY, in this action. Plaintiff, JEFFREY GARON, reserves the right to present evidence in support of this claim which is not presently in his possession but which will be discovered in the ordinary course of litigation. Such evidence may include, but in not necessarily limited to: Instruction for Use Manuals; all written material or information provided on and/or within any and all packaging associated with plaintiff, JEFFREY GARON's device; manufacturer's labels, package inserts; Adverse Event Reports; clinical trial data; medical literature; medical research findings and opinions; medical publications; advertisements; sales and promotional materials; internal memoranda, emails, communications and databases; sales, prescription and adverse event report databases; and communications from defendant, DEPUY, in this action, including said defendant, DEPUY's employees, officers, directors, agents, representatives, contractors and business associates, to the public, medical community, plaintiff, JEFFREY GARON's, prescribing physician and plaintiff, JEFFREY GARON. Plaintiff, JEFFREY GARON, is not in possession of documents as described herein, however, upon information, knowledge and belief, plaintiff, JEFFREY GARON, believes the documents, instruments and/or evidence stated above are in the possession of the defendant, DEPUY, to this action.

48. At the time defendant, DEPUY, marketed, sold and/or distributed the ASR, it knew that the hip device was intended for human use.

49. At the time defendant, DEPUY, marketed, sold and/or distributed the ASR, Plaintiff was a foreseeable user of the devise.

SALVATO & O'TOOLE
ATTORNEYS AT LAW
3 W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

13

50. At the time defendant, DEPUY, marketed, sold and/or distributed the ASR, it expressly and/or impliedly warranted that the hip, including all of its component parts, was safe and merchantable for their intended use.

51. Plaintiff, JEFFREY GARON, and his implanting physician reasonably relied upon the representations that the ASR was of merchantable quality and safe for their intended uses.

52. Plaintiff, JEFFREY GARON, used the ASR for its intended purpose.

53. Contrary to the express and implied warranties, at the time Defendant, DEPUY, marketed, sold and/or distributed the ASR, it was not of merchantable quality or safe for their intended use as described above.

54. As a direct and proximate result of one or more of the forgoing wrongful act or omissions in the by defendant, DEPUY, the ASR caused plaintiff, JEFFREY GARON, to suffer and sustain injuries of a permanent nature; plaintiff, JEFFREY GARON, was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, plaintiff, JEFFREY GARON, was caused to and will in the future be caused to expend money for medical care; furthermore, plaintiff, JEFFREY GARON, was unable to and will in the future be unable to his normal affairs and duties for an indefinite period of time.

WHEREFORE, plaintiff, JEFFREY GARON, demands judgment against defendant, DEPUY ORTHOPAEDICS, INC., in a sum in excess of jurisdictional limits of this Court, together with interests and costs of this action.

SALVATO & O'TOOLE
ATTORNEYS AT LAW
3 W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

Respectfully submitted,
SALVATO & O'TOOLE

*[signature]*

Carl S. Salvato

SALVATO & O'TOOLE
53 W. Jackson Blvd
Suite 1750
Chicago, Illinois 60604
(312) 583-9500
48755

SALVATO & O'TOOLE
ATTORNEYS AT LAW
3 W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

15

48755

IN THE CIRCUIT COURT OF COOK, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JEFFREY GARON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. |
| | ) |
| DePUY ORTHOPAEDICS, INC., | ) |
| a foreign corporation. | ) |
| | ) |
| Defendant. | ) |

## ILLINOIS SUPREME COURT RULE 222(b) AFFIDAVIT

I, Carl S. Salvato, being first duly sworn on oath, hereby deposes and states as follows:

1. That I am an attorney licensed to practice law in the State of Illinois.

2. That I represent the Plaintiff in regards to the above-captioned case.

3. That based upon my review of the facts, circumstances and injuries known to date, the damages sought exceed Fifty Thousand ($50,000.00) Dollars.

FURTHER AFFIANT SAYETH NOT

_____
Carl S. Salvato

Subscribed and Sworn to before me
this __25th__ day
of __January__, 2012.

_____
Notary Public

**OFFICIAL SEAL**
ELIZABETH A ARREDIA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 09/08/14

SALVATO & O'TOOLE
ATTORNEYS AT LAW
33 W. JACKSON BLVD.
SUITE 1750
CHICAGO, IL 60604
(312) 583-9500

1

**CT Corporation**

**Service of Process Transmittal**
01/31/2012
CT Log Number 519893366

TO: Joe Braunreuther
Johnson & Johnson
1 Johnson & Johnson Plaza
New Brunswick, NJ 08933

RE: **Process Served in Illinois**

FOR: Depuy Orthopaedics, Inc. (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Jeffrey Garon, Pltf. vs. DePuy Orthopaedics, Inc., etc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summonses, Complaint, Affidavit |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 2012L000930 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Personal Injury - DePuy ASR |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/31/2012 at 10:30 |
| **JURISDICTION SERVED:** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Carl S. Salvato<br>Salvato & O'Toole<br>53 W. Jackson Blvd.<br>Suite 1750<br>Chicago, IL 60604<br>312-583-9500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798007617612<br>Image SOP<br>Email Notification, Karen McAndrews kmcandre@its.jnj.com<br>Email Notification, Michele Bacorn mbacorn@its.jnj.com<br>Email Notification, Stephanie Youngman SYoungma@its.jnj.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / GL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 2012L000930
CALENDAR/ROOM H
TIME 00:00

Please Serve: CT Corporation System
208 S. LaSalle Street, Suite 814
Chicago, Illinois 60604

Jeffrey Garon

(Name all parties)

v.

DePuy Orthopaedics, Inc.

● SUMMONS  ○ ALIAS SUMMON

*0056 23 59*

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

● Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 48755
Name: Salvato & O'Toole
Atty. for: Plaintiff
Address: 53 W. Jackson Blvd., Suite 1750
City/State/Zip: Chicago, Illinois 60604
Telephone: (312) 583-9500

WITNESS, DOROTHY BROWN
CLERK OF CIRCUIT COURT
JAN 26 2012

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

2012L000930
CALENDAR/ROOM H
TIME 00:00
Product Liability

No. _____

Jeffrey Garon

(Name all parties)

v.

DePuy Orthopaedics, Inc.

Please Serve: CT Corporation System

208 S. LaSalle Street, Suite 814

Chicago, Illinois 60604

● SUMMONS  ○ ALIAS SUM

*0056259*

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

○ District 2 - Skokie  
5600 Old Orchard Rd.  
Skokie, IL 60077

○ District 3 - Rolling Meadows  
2121 Euclid  
Rolling Meadows, IL 60008

○ District 4 - Maywood  
1500 Maybrook Ave.  
Maywood, IL 60153

○ District 5 - Bridgeview  
10220 S. 76th Ave.  
Bridgeview, IL 60455

○ District 6 - Markham  
16501 S. Kedzie Pkwy.  
Markham, IL 60428

○ Child Support  
28 North Clark St., Room 200  
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Atty. No.: 48755

Name: Salvato & O'Toole

Atty. for: Plaintiff

Address: 53 W. Jackson Blvd., Suite 1750

City/State/Zip: Chicago, Illinois 60604

Telephone: (312) 583-9500

WITNESS, _____

JAN 2 6 2012

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**